IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Mar 04, 2019

| | |
|---|---|
| IN RE: <br><br> **JERRY DALE MEADOWS,** <br><br> Debtor. | Case No. 18-11036-M <br> Chapter 7 |
| **EXPLORER PIPELINE COMPANY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JERRY DALE MEADOWS,** <br><br> **Defendant.** | Adv. No. 18-01045-M |

## MEMORANDUM OPINION

At issue in this case is whether a state court civil judgment based on a non-dischargeable federal order of criminal restitution is itself subject to discharge. The plaintiff claims that the state court judgment may not be discharged if it meets the specific criteria outlined in 11 U.S.C. § 523(a). While the debtor/defendant acknowledges that the underlying federal criminal restitution award will not be discharged in his bankruptcy case, he nonetheless asserts that he is entitled to a discharge of the civil award. This matter is before the Court pursuant to the Plaintiff's Motion for Summary Judgment (the "Motion")[1] filed by Explorer Pipeline Company ("Plaintiff"); no response to the Motion was filed.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is

---

[1] Docket No. 13.

proper pursuant to 28 U.S.C. § 1409.[2] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). The issues presented in this matter are core proceedings contemplated by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

Summary judgment is available "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "[W]here the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."[4] It is well established that

> [a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty*

---

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[3] Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Bank. P. 7056. Fed. R. Civ. P. 56 was recently amended, effective December 1, 2010. "The summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and one word was changed from the previous version—genuine 'issue' became genuine 'dispute.' Rule 56 advisory committee's note (2010 Amendments). But the 'standard for granting summary judgment remains unchanged.' *Id*." *Higgins v. Potter*, 416 Fed. Appx. 731, 733 n.1 (10th Cir. 2011).

[4] *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–88 (1984)).

*Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.[5]

The Court of Appeals for the Tenth Circuit has recognized the ruling in *Scott v. Harris* in *Price-Cornelison v. Brooks*.[6]

## Background

There are no undisputed facts in this case. Jerry Dale Meadows ("Defendant") was the Chief Financial Officer of Plaintiff for a number of years. On February 20, 2003, Defendant pled guilty to three counts of wire fraud and one count of criminal forfeiture, as reflected in the Judgment in a Criminal Case filed in *United States v. Meadows*, Case No. 02-CR-141-001-C in the United States District Court for the Northern District of Oklahoma (the "Criminal Action"). As a part of the Judgment, Defendant was ordered to pay restitution of $4,715,359 to Plaintiff. In addition, Plaintiff obtained a default judgment against Defendant based on the restitution, in the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ-2003-2727 on August 23, 2004 (the "State Court Action"). Thereafter, Plaintiff timely filed Notices of Renewal of Judgment on July 20, 2009, December 5, 2012, and December 5, 2016.

On May 21, 2018, Defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.[7] Defendant scheduled the debt to Plaintiff in the State Court Action in the amount

---

[5] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[6] 524 F.3d 1103, 1120–21 (10th Cir. 2008).

[7] Case No. 18-11036-M.

of $4,715,359.[7] Plaintiff timely filed this adversary proceeding in order to object to the discharge of the debt owed to it by Defendant. Plaintiff alleges that its debt is not dischargeable under sections 11 U.S.C. § 523(a)(4), (a)(6), and (a)(13). In response to requests for admission served in the prosecution of this case, Defendant unconditionally admitted that "your debt to Explorer is for 'fraud or defalcation in a fiduciary capacity, embezzlement, or larceny' according to the meaning of such terms under 11 U.S.C. § 523(a)(4)"[8]; and that "your debt to Explorer is for 'willful and malicious injury' by you to Explorer or its property, according to the meaning of such terms under 11 U.S.C. § 523(a)(6)."[9] With respect to the request for admission that the debt was for a "'payment of an order of restitution issued under Title 18, United States Code' according to the meaning of such terms under 11 U.S.C. § 523(a)(13)," Defendant correctly indicated that dischargeability of the Judgment in the Criminal Action is governed by § 523(a)(13).[9]

## Discussion

Viewing all facts in the light most favorable to Defendant, the Court must conclude that there are no genuine issues for trial, and that Plaintiff is entitled to judgment in this proceeding. Based on Defendant's admissions, the Court finds that 1) the debt to Plaintiff resulting from the Judgment in the Criminal Action is not discharged pursuant to § 523(a)(13); and 2) the debt to Plaintiff based

---

[7] *Id.*, Docket No. 1 at 24, Claim No. 4.9.

[8] Motion, *Docket No. 13-1*, Request for Admission No. 1; Debtor Response to Plaintiff's First Discovery, *Docket No. 12* at 1.

[9] Motion, *Docket No. 13-1*, Request for Admission No. 2; Debtor Response to Plaintiff's First Discovery, *Docket No. 12* at 1.

[9] Motion, *Docket No. 13-1*, Request for Admission No. 3; Debtor Response to Plaintiff's First Discovery, *Docket No. 12* at 1.

on the judgment in the State Court Action is not discharged pursuant to § 523(a)(4) and (a)(6). Defendant has freely admitted the same, eliminating any issue of fact in this adversary proceeding.

## Conclusion

Plaintiff's Motion for Summary Judgment should be granted. A separate judgment consistent with this Memorandum Order is entered concurrently herewith.

DATED this 4th day of March, 2019.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

7319v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, I mailed by first-class United States mail a true and correct copy of the foregoing Memorandum Opinion to the party listed below:

Jerry Dale Meadows
34 South Lakewood Ave
Tulsa, OK 74112

*Jo Boyles*

Jo Boyles
Judicial Assistant